# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 26, 2010

Lyle W. Cayce
Clerk

No. 09-50818
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAYRA CRISTINA DE LEON-ZAMORA, also known as Isabel Cervantes, also
known as Myrael Christina De Leon-Zamora,

Defendant-Appellant

- - - - - - - - - - - - - - - - - - - - - - -

consolidated with:

No. 09-50833
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAYRA CRISTINA DE LEON-ZAMORA, also known as Isabel Cervantes,

Defendant-Appellant

No. 09-50818
c/w No. 09-50833

―――――――――――

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2190-1
USDC No. 3:09-CR-1532-1

―――――――――――

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mayra Cristina De Leon-Zamora challenges her 46-month sentence following her guilty plea to illegally reentering the United States following deportation. De Leon-Zamora concedes that precedent forecloses her argument that the lack of an empirical basis for U.S.S.G. § 2L1.2 precludes an appellate presumption that her sentence is reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

De Leon-Zamora contends that her sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because the Sentencing Guidelines account for a prior conviction both to increase her offense level and to calculate her criminal history score. De Leon-Zamora avers further that the guidelines range overstated the seriousness of her offense because her conduct was not violent and that the guidelines range did not properly account for her personal history and characteristics, including her motive for reentering.

We review a sentence for reasonableness. *See Gall v. United States*, 552 U.S. 38, 56 (2007). Because it is within the properly calculated guidelines range, De Leon-Zamora's sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 350-51 (2007); *Mondragon-Santiago,* 564 F.3d at 366. De Leon-Zamora offers no good reason for us to disturb that

―――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumption. *See Gall*, 552 U.S. at 51; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Moreover, this court has consistently rejected the argument that a sentence within a guidelines range calculated using the illegal-reentry Guideline is not presumed reasonable on appeal. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *see also Mondragon-Santiago,* 564 F.3d at 366-67.

AFFIRMED.